IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC AGYEMANG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.  4:26-CV-00539-O |
| | § | |
| MARKWAYNE MULLINS, ET AL., | § | |
| | § | |
| | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Eric Agyemang's Petition for Writ of Habeas Corpus (ECF No. 1); the Government's Response and Appendix in Support (ECF Nos. 4, 5). Having considered the Petition, briefing, and the applicable law, the Court finds that Petitioner's Petition should be, and hereby is, **DENIED**.

### I.    BACKGROUND[1]

Petitioner is a native and citizen of Ghana. Petitioner is currently in removal proceedings pending the appeal of the denial of his asylum before the Immigration Court. Petitioner filed a petition for writ of habeas corpus on May 1, 2026, seeking relief under the 8 U.S.C. § 1226[2] and the Due Process Clause of the Fifth Amendment.

### II.    LAW AND ANALYSIS

First, Petitioner's reliance on § 1226 is inapposite as his detention is governed by 8 U.S.C. § 1225. As the Government's evidence shows, the notice to appear issued to Petitioner in January

---

[1] The Court's recitation of the facts is taken from the Petition (ECF No. 1) and the Government's Appendix (ECF No. 5).

[2] Petitioner cites this provision from the Immigration and Nationality Act as § 236(a). Pet. 7, ECF No. 1.

1

2025 indicates that Petitioner had entered the country without being admitted or paroled and was initially placed in expedited removal proceedings but then demonstrated a credible fear of persecution such that he was placed into traditional removal proceedings.[3] Even when an alien is paroled, such parole does not constitute a formal admission of the alien and when the government decides the revoke parole "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5).  Accordingly, because Petitioner entered the United States through means other than a lawful admission and is not "clearly and beyond a doubt entitled to be admitted," the Fifth Circuit's decision in *BuenrostroMendez v. Bondi* clearly forecloses statutory and Petitioner's claim for relief under Count I is **DENIED**. 166 F.4th 494, 501–08 (5th Cir. 2026).

Second, Petitioner argues that his continued detention is unconstitutional under the Due Process Clause of the Fifth Amendment. "[T]he Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings." *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 697 (N.D. Tex. 2025) (discussing *Demore v. Kim*, 538 U.S. 510 (2002)). Accordingly, substantive due process is not offended by an alien's detention pending removal proceedings. *Id.* "[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Demore*, 538 U.S. at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. "Against that backdrop, the notion that substantive due process requires a bond hearing is untenable." *Zuniga*, 814 F. Supp. at 697.

---

[3] *See* App. 001, ECF No. 5.

Here, Petitioner's pending appeal is part of his removal proceedings. *See* 8 U.S.C. § 1231. At this stage, because Petitioner is being detained related to his removal proceedings, the Government may constitutionally detain him during the limited period of time necessary to resolve those proceedings. *Demore*, 538 U.S. at 528. Accordingly, Petitioner's Petitioner must be **DENIED**.

### III.    CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

**SO ORDERED** on this **16th day** of **July, 2026**.


Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

3